M. L. Moore, Appellant, v. A. H. Bolton, Appellee.

No. 42624.

May 14, 1935.

Rehearing Denied September 17, 1935.

Everett Waller and A. M. Seff, for appellant.

Gleysteen, Purdy & Harper and Edward E. Baron, for appellee.

Hamilton, J.—The defendant, A. H. Bolton, is a practicing attorney in Sioux City, Woodbury county, Iowa. Some time prior to November, 1918, he was employed by the plaintiff to collect a promissory note in the amount of $3,605, given by one R. J. Lacey to the plaintiff, M. L. Moore. Suit was instituted against Lacey in the district court of Woodbury county. While this suit was still pending, R. J. Lacey, on the 2d day of No-

vember, 1918, filed a voluntary petition in bankruptcy and was adjudged a bankrupt. The defendant then, at the request of the plaintiff, prepared and filed in the bankruptcy proceeding, a claim for the amount due on said note.

Thereafter, sometime during the year 1919—the exact date is not revealed by the record—suit was brought against the plaintiff by the Northwestern National Bank of Sioux City, Iowa, and by the Gasoline Supply Company of Sioux City, Iowa. It appears that plaintiff became alarmed lest these creditors attach her claim in bankruptcy. Her husband, John W. Moore, acting for her, visited the office of A. H. Bolton and consulted with him in reference to this matter. At that time plaintiff was indebted to the defendant for professional services rendered her, and there was charged against her on the books of the defendant an attorney's fee in the amount of from $300 to $350. At the time of the trial, the record of the account had been destroyed and the amount thereof was established by the oral testimony of the defendant. The matter of assigning the claim in bankruptcy to avoid a possible attachment thereof by other creditors of the plaintiff was talked over with the defendant by the said John W. Moore, and at that time the defendant advised Moore that the plaintiff could make an assignment of her claim to him in consideration of his attorney fee, but that such assignment would have to be an absolute assignment.

The defendant testified as a witness for the plaintiff that he was advised that they wanted to pay his attorney fee by assigning this claim to him, and that at that time he told them "that I couldn't take it and cancel my claim unless it was an absolute assignment." The defendant then drew up an assignment and gave it to Mr. Moore, and it was taken from the office of the defendant, signed by the plaintiff somewhere other than the defendant's office, brought back to his office by the plaintiff's husband, and then mailed by the defendant to the referee in bankruptcy. The record shows that this written assignment was filed with the referee in bankruptcy in the matter of R. J. Lacey, bankrupt, on February 11, 1919.

Thereafter, the Northwestern National Bank of Sioux City, Iowa, and the Gasoline Supply Company of Sioux City, Iowa, attempted by levy and attachment to recover the dividends paid on the claim which the plaintiff, M. L. Moore, had proved against the bankrupt, R. J. Lacey, in the sum of $3,605.

There was a trial before the referee in bankruptcy, and the referee found and determined that the assignment from plaintiff to defendant was an absolute assignment, and that the dividends belonged to the defendant. It appears from the record that two dividends were paid upon this claim, the first in the amount of $360.50, and the second in the amount of $275.68.

Shortly after this assignment from plaintiff to defendant, the plaintiff with her husband left Sioux City and lived in California and Texas, and never returned to Sioux City to live until 1931. The husband was back on business once or twice in the meantime, and on one of these occasions the defendant gave him a check for $100. The plaintiff contends that this was a partial remittance of the dividends collected, and credit is given for the same in the petition, while the defendant claims that Moore was in need of money, that he gave him this check, and that it had no connection with the dividend checks received by him in the Lacey bankruptcy matter.

This suit was commenced on August 22, 1933, to recover of the defendant the amount of said dividends, plaintiff claiming that the assignment was for collection only, and that the defendant held said funds in trust for her, and asking for an accounting and for judgment for the amount due with interest. The defendant answered, pleading that the assignment was an absolute assignment, and, in a second and third division of his answer, that the account was barred by the statute of limitations and by laches. The lower court found for the defendant without specifying any particular grounds therefor, simply dismissing the plaintiff's petition and rendering judgment against the plaintiff for costs.

We have carefully read the entire record from the transcript filed in the case, and are abidingly satisfied that the plaintiff under the evidence and on the merits of the case is not entitled to recover. The plaintiff took the witness stand in her own behalf, and it is disclosed from the record of her testimony that she had very little recollection of what took place; her answer to most of the questions propounded to her being, "I don't remember." Likewise, her husband, John W. Moore, who transacted a large per cent of the business for her, displayed a very hazy recollection of the facts, and the testimony of both plaintiff and her husband in reference to the execution of the assignment is of little probative value. It should be remembered that

the events took place some fifteen years prior to the date of the trial of this case, and it would indeed be difficult for the plaintiff and her husband to remember and to distinguish between the first conference with the defendant when the note was left with him for collection and the second conference when the claim was assigned to him absolutely in payment of his attorney fee.

There are likewise some inconsistencies in the testimony of the defendant, due to the fact, as explained by him, that, because of the lapse of time and the fact that he had moved his office two or three times and the records in connection with his dealings with the plaintiff had been destroyed, the entire matter had passed out of his mind until an investigation of the records in the bankruptcy matter was made at the instigation of the plaintiff's attorney; that this investigation brought back to the memory of the defendant the entire transaction. In view of this explanation, the court is inclined to accept the defendant's version and to hold that the assignment was absolute.

The defendant's contention in reference to this matter is strongly corroborated by the finding of the referee in bankruptcy in the contest which took place shortly after the date of the assignment of this claim to the defendant between the defendant and two of the creditors of the plaintiff, who were contending that the dividends belonged to the plaintiff, and that they were entitled to the same under their attachments. This hearing took place when the facts were fresh in the minds of all the parties, and resulted in a finding by the referee that the claim had been duly and legally assigned to the defendant, and that the dividends thereon were due and owing to the defendant, and were ordered by the referee paid to him. There is no claim made by the plaintiff, either in the petition or in the evidence offered, of any fraud on the part of the defendant in procuring the assignment.

The appellant filed a motion to strike the appellee's amended and additional abstract of record, which was ordered submitted with the case, and which is overruled.

It follows that the action of the trial court in dismissing plaintiff's petition should be, and it is hereby, affirmed.—Affirmed.

All Justices concur.